UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN
CIVIL ACTION NO. 1:25-cv-117-GNS

J&S CHEMICAL CORPORATION,                              PLAINTIFF,

V.

RUSSELLVILLE ENGINEERED CASTINGS, INC.;
KENTUCKY INDUSTRIAL HOLDINGS, INC.;
TODD DIBENEDETTO, MARK HEINZE, CONNIE
HALL, SHEILA BELL WRITE, AND LARRY JOHNSON,          DEFENDANTS.

## COMPLAINT

J&S Chemical Corporation ("Plaintiff" or "J&S") brings this action for actual damages including attorneys' fees and costs and exemplary damages, and for fraudulent misrepresentation, showing the Court as follows.

## PARTIES

1. Plaintiff is a Georgia corporation, with its principal place of business located in Georgia. See accompanying Rule 7.1 Corporate Disclosure, Exhibit A.

2. Defendant Russellville Engineered Castings, Inc. dba Russellville Castings ("Defendant Russellville Castings" or "Russellville Castings") is a Kentucky corporation with its principal place of business in Russellville, Kentucky.

3. Defendant Kentucky Industrial Holdings, Inc. is an investment firm that purchased the predecessor company to Russellville Castings and renamed it to Russellville Engineered Castings, Inc. in 2023. It is a Kentucky corporation with its principal place of business in Russellville, Kentucky.

4. Defendants Todd DiBenedetto, Mark Heinze, Connie Hall, Sheila Bell Write, and Larry Johnson ("Defendant's Executives") are executives of Defendant Russellville Castings and are citizens and residents of Kentucky.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as this matter involves a dispute between parties with diversity of citizenship and the amount in controversy exceeds $75,000.

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial portion of the events, acts and omissions giving rise to Plaintiff's claims occurred within this District and Defendants' principal place of business is located within this district.

7. Defendant Russellville Castings is at home in this judicial district, as its principal place of business is in Russellville (Logan County), Kentucky.

8. Defendant Kentucky Industrial Holdings, Inc. is at home in this judicial district, as its principal place of business is in Russellville (Logan County), Kentucky.

9. Defendant's Executives are subject to general personal jurisdiction in this Court because they reside in this judicial district.

## FACTS

10. Defendant Russellville Castings is an industrial parts manufacturing company focused on machining specialized light metal cast components.

11. Defendant Kentucky Industrial Holdings, Inc. is an investment firm focused on buying and turning around failing industrial manufacturing facilities utilizing a hands-on management approach.

12. Defendant Kentucky Industrial Holdings, Inc. is liable for Defendant Russellville Castings' debts as its owner-operator.

13. Plaintiff and Defendant Russellville Castings entered into an agreement wherein the Plaintiff would provide a chemical release agent to Defendant Russellville Castings in exchange for payment.

14. Beginning in January 2024, Defendant Russellville Castings began refusing payment for goods Defendant Russellville Castings ordered and received from Plaintiff.

15. Since January 2025, Defendant Russellville Castings has been $121,589.67 USD in arrears to Plaintiff for goods received.

15. Defendant's Executives from January 2024 through January 2025 promised payment to Plaintiff to secure delivery of goods to Defendant Russellville Castings from Plaintiff but ceased cooperating and communicating with Plaintiff to become current

16. Plaintiff relied upon the representation of the Defendant's executives to continue supplying the chemical release agent..

17. On information and belief, Defendant's Executives had no intention to pay the monies owed to Plaintiff for the chemical release agent Plaintiff supplied to Defendant Russellville Castings.

18. Defendant's Executives' false promises to Plaintiff caused Plaintiff to continue incurring damages, as Plaintiff relied on the false promises of Defendant's Executives.

19. Plaintiff sent a demand letter on June 24, 2025, in an attempt to have Defendants resolve the matter and potentially enter into a settlement, or to settle Defendants' debts to Plaintiff by July 9, 2025.

20. Plaintiff has received no response from Defendants nor from Defendant Russellville Castings' registered agent.

21. Plaintiff offered payment plans to allow Defendant Russellville Castings to pay invoices for goods and services provided since early 2024 pursuant to the terms of the purchase orders.

22. Attached at **Exhibit B** is a complete and accurate ledger of invoices that are past due by more than ninety (90) days with the date and outstanding balance of each.

23. Defendants have refused to respond to inquiries about past due payments since March 21, 2025.

24. Defendants engaged in repeated instances of bad faith through false representations and false promises; all made without the intention to fulfill their repeated promises.

25. Attached at **Exhibit C** is a true and accurate copy of the last correspondence from Defendants to Plaintiff, dated March 21, 2025, and includes an email chain of false promises made by Defendant's Executives to Plaintiff to secure additional goods prior to fulfilling prior payment obligations.

26. As a result of Defendants' actions, Plaintiff has suffered significant damages including actual monetary losses in the amount of $121,589.67 USD, attorneys' fees and costs, lost revenue in being prevented from investing with the owed funds, and other monetary losses.

27. Defendants did not contact Plaintiff to discuss payment terms nor a settlement, nor did they honor their prior promises of payment, thus leading to this action that is now burdening this Court's docket.

28. Defendants' false representations regarding their pending payments, and Plaintiff's reasonable reliance thereon, caused in excess of $121,589.67 USD in damages to Plaintiff.

## CAUSES OF ACTION
## COUNT I
(Actual Damages)

29. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs 1-28 as if fully set forth herein.

30. Plaintiff provided goods and services to Defendant Russellville Castings with the intention that Plaintiff would be compensated pursuant to the mutually agreed amounts previously negotiated and documented in purchase orders.

31. Plaintiff intended to be compensated for the goods and services that it provided to Defendant Russellville Castings.

32. Defendant Russellville Castings received in excess of $121,589.67 USD in benefits from Plaintiff's goods and services.

33. It would be inequitable and unjust to permit Defendants to retain the benefits of the goods and services that Plaintiff provided to Defendant Russellville Castings without requiring Defendants to compensate Plaintiff.

34. Plaintiff is therefore entitled to just compensation for the goods and services that it provided.

## COUNT II
(Breach of Contract)

35. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs 1-28 as if fully set forth herein.

36. That Plaintiff and Defendant entered into a contract as the Plaintiff has performed its duties in supplying the chemical release agent to the Defendant.

37. The Defendant has breached the contract by failing to pay for the chemical release agent causing damages to the plaintiff.

## COUNT III
(Unjust Enrichment)

38. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs 1-28 as if fully set forth herein.

39. The Plaintiff has provided the Defendant with a chemical release agent to further the business interests of the Defendant and Defendant's Executives.

40. The Defendant and the Defendant's Executives benefited financially by taking the chemical release agent and using it for their profit without paying.

41. The Plaintiff was harmed by providing the chemical release agent which cost the Plaintiff money without payment by Defendants or Defendant's Executives.

## COUNT IV
(Fraud)

42. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs 1-28 as if fully set forth herein.

43. Defendant's Executives from January 2024 through January 2025 made multiple false representations to Plaintiff both orally and written that Defendant Russellville Castings would become current on past due invoices for goods and services provided by Plaintiff to Defendant Russellville Castings.

44. Defendant's Executives made these representations that were knowingly false, and knowingly false at the time they were made, as Defendant's Executives knew that they were not going to pay their agreed debts.

45. Plaintiff reasonably relied on Defendant's Executives multiple false representations to continue providing their product to Defendants.

46. In reliance on Defendant's Executives' false representations, Plaintiff provided valuable goods and services to Defendant Russellville Castings.

47. Defendant's Executives are therefore liable to Plaintiff for, and Plaintiff hereby seeks the actual and consequential damages caused by Defendant's Executives' fraudulent representations and for Plaintiff's reasonable attorney's fees and costs of litigation.

48. Defendant's Executives intentionally committed fraud by making knowingly false statements with the intention that Plaintiff would rely on them to its detriment. Defendant's Executives are therefore liable to Plaintiff for punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff is entitled to a judgment against Defendants awarding Plaintiff:

1. Compensatory damages in an amount to be determined at trial, but not less than $121,589.67 USD;
2. Costs and attorneys' fees incurred in connection with this action;
3. Punitive damages; and
4. Such further and other relief as this Court deems just and proper.

Plaintiff respectfully demands a trial by jury of all issues so triable.

Respectfully submitted by:

*/s/ Bryan K. Sergent*
R. SCOTT MADDEN
BRYAN K. SERGENT
MADDEN SERGENT PLLC
116 LAWYER STREET, STE. 1
MANCHESTER, KENTUCKY 40962
(606) 598-6124
(606) 598-6129 FAX
scott@maddensergent.com
bryan@maddensergent.com
*ATTORNEYS FOR PLAINTIFF*